

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00165-CR

———————————————

DALE EDWARD WOODARD, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1578369R

---

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

A grand jury indicted Appellant Dale Edward Woodard for aggravated sexual assault of a child, a first-degree felony. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (2)(B), (e). Appellant pled not guilty, and after voir dire, a visiting trial judge (the trial court) presided over his trial. The jury acquitted Appellant of the indicted offense but convicted him of the lesser-included offense of indecency with a child by contact, a second-degree felony. *See id.* § 21.11(a)(1), (d). After hearing the punishment evidence, the jury assessed Appellant's punishment at four years' confinement. The trial court sentenced Appellant in accordance with the jury's verdict, and he timely appealed. Because we agree with Appellant's appointed appellate counsel that no arguable grounds for appeal exist but that the amount of court costs imposed is erroneous, we affirm the trial court's judgment as modified.

Appellant's appointed appellate counsel has filed a motion to withdraw and a brief supporting that motion. In the brief, counsel opines that this appeal is frivolous. Counsel's brief and motion meet the *Anders* requirements by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also complied with requirements detailed in *Kelly. See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Appellant had the opportunity to file a pro se response to the *Anders* brief but did not do so; likewise, the State did not file a brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006) (noting *Bledsoe*'s holding that a memorandum opinion suffices in an *Anders* case when an appellate court agrees that the appeal is frivolous). However, we also agree that the amount of court costs imposed is erroneous.

Only court costs that are "statutorily authorized . . . may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Segura v. State*, No. 02-21-00052-CR, 2022 WL 2840143, at *1–2 (Tex. App.—Fort Worth July 21, 2022, no pet.) (mem. op., not designated for publication). As explained in a similar case, the 2019 "Cost Act overhauled the statutory court cost scheme in criminal cases, increasing the state consolidated fee from $133[] to $185[] and creating a new local consolidated fee[]" of $105. *Gonzales-Ortiz v. State*, Nos. 03-21-00532-CR, 03-21-00533-CR, 2022 WL 17722906, at *1–2 (Tex. App.—Austin Dec. 16, 2022, no pet.) (omitting internal quotation marks and related citation); *see also* Act of May 23,

3

2019, 86th Leg., R.S., ch. 1352, S.B. 346, §§ 1.03, 1.05 (amending Loc. Gov't Code § 133.102(a)(1) and creating Loc. Gov't Code § 134.101). The Cost Act's new and modified fees apply to offenses occurring on and after January 1, 2020. 86th Leg., R.S., ch. 1352, S.B. 346, §§ 5.01, 5.04.

Appellant's 2014 offense was subject to the statutory cost provisions in effect when he committed it. *Id.* § 5.01; *Gonzales-Ortiz*, 2022 WL 17722906, at *2; *see Segura*, 2022 WL 2840143, at *2. However, the district clerk assessed and the trial court ordered Appellant to pay a local consolidated court cost of $105 and a state consolidated court cost of $185. The newly created local consolidated court cost fee should not have been assessed against Appellant. *See Gonzales-Ortiz*, 2022 WL 17722906, at *2. Additionally, under former Section 133.102(a)(1), the state consolidated court cost fee assessed should have been only $133, not $185. *See id.*; *Segura*, 2022 WL 2840143, at *2; *see also* Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62(a), 2003 Tex. Gen. Laws 979, 996, *amended by* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, S.B. 346, § 1.03 (current version at Tex. Loc. Gov't Code Ann. § 133.102(a)(1)).

We may modify the judgment and bill of costs to impose the proper statutory costs, and we may do so even in an *Anders* appeal. *See Johnson*, 423 S.W.3d at 390; *Segura*, 2022 WL 2840143, at *2; *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding appellate court has authority to modify judgment in *Anders* appeal). We therefore (1) modify the trial court's judgment

4

and bill of cost to remove the local consolidated court cost of $105 and to reduce the state consolidated court cost imposed to $133, (2) grant counsel's motion to withdraw, and (3) affirm the trial court's judgment as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  March 30, 2023